IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JAMES McCRIMMON, | ) | |
| | ) | |
| Defendant. | ) | |

After he was convicted by a jury of conspiracy to distribute methamphetamine, the defendant was sentenced to 168 months in prison on December 15, 2004.[1] Thereafter, the Supreme Court declared that the Sentencing Guidelines must be treated as advisory. As a result of that decision, the United States Court of Appeals remanded this case to me for re-sentencing with the direction that I treat the Guidelines as advisory rather than mandatory.

On March 10, 2006, I conducted a sentencing hearing. Both the defendant and his counsel indicated that the defendant is in poor health. The defendant believed that he had suffered two strokes while he has been in prison. He now walks with a cane.

The defendant is now nearly 69 years of age; that is, he was born on November 15, 1937. A presentence report prepared in 2004 noted that the defendant suffers from ulcers, high blood pressure, a herniated disc and bone spurs.

Instead of imposing a Guidelines sentence of 168 months in prison (the low end of the advisory Guidelines range), defense counsel requests that I vary from the

---

[1] I sustained various defense objections to the presentence report. I decided that the defendant's proper total offense level was 34 and his correct criminal history category was II. Under the Guidelines, the prison range was thus 168 to 210 months. Those calculations remain accurate.

Guidelines and impose the mandatory minimum sentence of 120 months. Counsel argues that a 168 month sentence will surely mean that the defendant dies in prison, while a sentence of 120 months might give the defendant a chance to die a free man. In essence, and due to the defendant's age and health, defense counsel asks me not to impose a Guidelines sentence that will, practically speaking, amount to a life sentence. The government opposes such a sentence.

Given the defendant's age and medical condition, I am of the opinion that an examination by the Bureau of Prisons is necessary to help me select a proper sentence. Defense counsel agrees, and the government does not object. Therefore,

IT IS ORDERED that:

1.  The United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant, who is in custody, shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall remain at the medical center until released to the U.S. Marshal for return to Nebraska.

2.  Pursuant to 18 U.S.C. § 3552(b), the Bureau of Prison shall evaluate the defendant and determine: (a) the defendant's present medical condition; (b) whether the Bureau of Prisons can provide the defendant with appropriate medical care should I impose a prison sentence anywhere from 168 months to 120 months; (c) the defendant's probable life expectancy, including whether the defendant is likely to survive a prison sentence anywhere from 168 months to 120 months; and (d) whether the defendant's age and infirmities are such that a prison sentence of less than 168 months would be appropriate under the sentencing statutes and the advisory Guidelines. See, e.g., 18 U.S.C. § 3553 (a)(1) (factors to be considered at sentencing; characteristics of the defendant); 18 U.S.C. § 3553(a)(2)(D) (factors to be considered at

sentencing; medical care); U.S.S.G., Part H., Introductory Commentary (regarding specific offender characteristics); U.S.S.G. § 5H.1. (relating to age); U.S.S.G. §5H1.4 (relating to physical condition).  The Bureau of Prisons shall provide me with a written report in accordance with 18 U.S.C. § 3552(b) and the terms of this order.  The evaluation shall be submitted to the court and counsel within 60 days of the defendant being delivered to the medical center.

3.     The defendant's counsel shall promptly provide the probation officer with copies of any evaluations or medical records counsel has in his possession.  The probation officer shall provide the medical center with those materials together with all other materials the officer believes will assist the medical center in conducting the evaluation, including the 2004 presentence report, the 2004 judgment and the 2004 statement of reasons.

4.     The probation officer assigned to this case (Craig Ford) is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons.  My chambers shall be sure to provide a copy of this memorandum and order to the probation officer and the United States Marshals Service.

5. Sentencing is continued until further order of the court.  Judge Kopf's chambers will calendar this matter for internal review no later than 90 days from this date.

March 13, 2006.                    BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   United States District Judge