IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:03CR3161 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | MEMORANDUM |
| JAMES W. McCRIMMON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

    This case does not warrant a departure due to age and health. In particular, a 2006 *Bureau of Prisons Report*, which I requested, found that there "is no significant illness or significant risk factors interfering with Mr. McCrimmon's life expectancy" and it also found that the defendant's poor medical condition was not dissimilar to other inmates incarcerated and treated by the Bureau of Prisons. *Bureau of Prisons Report*, at page 1 (August 9, 2006).

    The foregoing acknowledged, this is the unusual case that warrants a variance from the advisory Guidelines due to a combination of age and health.[1] The defendant is nearly 69 years of age and has a life expectancy, according to the mortality tables, of about 82 years. Despite the fact that the defendant may have no particular illness or risk factors that reduce his life expectancy, I am firmly convinced that the defendant's overall personal characteristics render his life expectancy less than that of most men his age. As a result, I am persuaded that the mortality tables overstate his life expectancy. I derive this conclusion from the 2004 PSR, the 2006 BOP evaluation, and my observations of the defendant during trial and during two sentencing proceedings. Bluntly put, the defendant is a broken down old shell of a man.

---

[1] As I told counsel at the time of sentencing, this case is sui generis. That is Latin and I translate it to mean: "Don't expect to see this again during your lifetime."

The 2004 PSR notes that the defendant suffers from ulcers, high blood pressure, a herniated disc and bone spurs.  The 2006 Bureau of Prisons evaluation confirmed the foregoing including various fairly severe orthopedic conditions.  It is also noted that the defendant wears an assistive device to stabilize his left knee.

Significantly, the *Report* also found moderate to severe aortic stenosis which will probably require major surgical intervention.  An "aortic valve replacement . . . will most likely be necessary at some point in time" and possibly within 6 months.  *Bureau of Prisons Report*, at page 4 (August 9, 2006).

In summary, I am of the opinion that a mandatory minimum prison sentence of 10 years plus 5 years of supervised release accomplishes all of the statutory goals of sentencing.   I am also of the opinion that the recommended sentence of 168 to 210 months under the advisory Guidelines would be overkill when judged against the statutory goals of sentencing such as specific deterrence, general deterrence, respect for the law, and just punishment.  In short, keeping this defendant in prison after he has served 10 years (assuming that he survives that long) would not further any of Congress' goals whether viewed from the perspective of this defendant, other offenders or the public more generally.[2]

IT IS SO ORDERED.

September 19, 2006.            BY THE COURT:

                               *Richard G. Kopf*
                               United States District Judge

---

[2] At the time of sentencing, I recited on the record my specific evaluation of each and all of the sentencing factors under 18 U.S.C. § 3553(a).  I also discussed the government's concerns about disparity.  Those remarks may be consulted  if a further elaboration of my reasons is required.